UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS, INC. and AMERICAN OVERSIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | Civil Action No. 19-10916-NMG |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS AND
PLAINTIFFS' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS**

Pursuant to Local Rule 56.1, Plaintiffs American Civil Liberties Union of Massachusetts, Inc. (ACLUM) and American Oversight submit this response to Defendant's Local Rule 56.1 Statement of Undisputed Facts, ECF No. 24 at 1–7, and incorporated Rule 56.1 Statement of Undisputed Facts in support of Plaintiffs' Cross-Motion for Summary Judgment.[†]

1.  The Department of Homeland Security Appropriations Act for 2018, contained in Division F of the Consolidated Appropriations Act of 2018, provides in Section 231 of Title II that the Secretary of the DHS shall submit to the Committees on Appropriations of the Senate and the House of Representatives a risk-based plan for improving security along the borders of

---

[†] Plaintiffs have no additional undisputed facts to offer beyond those Plaintiffs have admitted (or not affirmatively disputed) in response to Defendant's Statement of Undisputed Facts. Any assertions in Defendant's Statement that Plaintiffs have disputed amount to legal arguments to which Plaintiffs have responded in their Memorandum in Support of Plaintiffs' Cross-Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment.

1

the United States, including the use of personnel, fencing, other forms of tactical infrastructure, and technology," and further including certain enumerated categories of information.

**Response**: Admitted.

2. In conjunction with the aforementioned Consolidated Appropriations Act of 2018, DHS, through the expertise of its component U.S. Customs and Border Protection ("CBP"), created the 2018 Border Security Improvement Plan ("Border Security Plan") which is a risk-based plan for improving security along the borders of the United States, addressing how CBP intends to use fencing, personnel, other forms of tactical infrastructure, technology to address those threats to border security and the cost estimates associated thereto.[1] The Border Security Plan identifies the goals and objectives for improved border security, along with specific border security initiations. *Id.*

**Response**: Admitted.

3. CBP is the lead law enforcement agency responsible for border security in the United States. *See* U.S. Government Accountability Office, *Border Security: Assessment of the Department of Homeland Security's Border Security Improvement Plan*, Homeland Security Digital Library, 1 (July 16, 2019), https://www.hsdl.org/?view&did=827179. CBP manages approximately 7,000 miles of land border and 95,000 miles of shoreline. *Id.*

> **Response**: Plaintiffs lack sufficient knowledge to admit or deny this statement but admit that this description is contained in the cited U.S. Government Accountability Office report. Plaintiffs respectfully refer the Court to that document for a full and accurate statement of its contents.

---

[1] This information is contained in the Border Security Plan, a copy of which will be furnished to this Court upon its request.

4. On December 21, 2018, the DHS Security Conference Committee submitted the Border Security Plan to Congress.[2]

**Response**: Plaintiffs lack sufficient knowledge to admit or deny this statement but admit that this statement is consistent with publicly available information. *See* Compl. ¶ 9 n.1 (citing Ltr. from Cong. Hispanic Caucus to Dep't of Homeland Sec. Conference Comm. at 2, Feb. 5, 2019, *available at* https://congressionalhispaniccaucus-castro.house.gov/sites/congressionalhispaniccaucus.house.gov/files/Letter%20to%20Conferees.pdf). With respect to Defendant's statement in Footnote 2, admitted that the Border Security Plan contains a legend including the statement that the document is "FOR OFFICIAL USE ONLY (FOUO)," Plaintiffs lack sufficient knowledge to admit or deny the statement regarding DHS Management Directive 11042.1.

5. Under the relevant statute, the Border Security Plan was to address 11 required elements:

(1) A statement of goals, objectives, activities, and milestones for the plan;

(2) A detailed implementation schedule of the plan with estimates for the planned obligation of funds for fiscal years 2019 through 2027 that are linked to the milestone-based delivery of specific –

  (a) capabilities and services;
  (b) mission benefits and outcomes;
  (c) program management capabilities; and
  (d) life-cycle cost estimates.

(3) A description of the manner in which specific projects under the plan will enhance border security goals and objectives and address the highest priority border security needs.

---

[2] The Border Security Plan submitted to Congress by the DHS contained the restriction "For Official Use Only" ("FOUO"), which under DHS Management Directive 11042.1 connotes sensitive material, but unclassified.

(4) An identification of the planned locations, quantities, and types of resources, such as fencing, other physical barriers, or other tactical infrastructure and technology, under the plan.

(5) A description of the methodology and analyses used to select specific resources for deployment to particular locations under the plan that includes –

   (a) analyses of alternatives, including comparative costs and benefits;
   (b) an assessment of effects on communities and property owners near areas of infrastructure deployment; and
   (c) a description of other factors critical to the decision making process.

(6) An identification of staffing requirements under the plan, including full-time equivalents, contractors, and detailed personnel, by activity.

(7) A description of performance metrics for the plan for assessing and reporting on the contributions of border security capabilities realized from current and future investments.

(8) A description of the status of the actions of the DHS to address open recommendations by the Office of Inspector General and the GAO relating to border security, including plans, schedules, and associated milestones for fully addressing such recommendations.

(9) A plan to consult sState [sic] and local elected officials on the eminent domain and construction process relating to physical barriers;

(10) An analysis, following consultation with the Secretary of the Interior and the Administrator of the Environmental Protection Agency, of the environmental impacts including on wildlife, of the construction and placement of physical barriers planned along the Southwest border, including the Santa Ana National Wildlife Refuge; and

(11) Certifications by the Under Secretary of Homeland Security for Management, that:

   (a) the plan has been reviewed and approved in accordance with an acquisition review management process that complies with capital planning and investment control and review requirements established by the Office of Management and Budget, including as provided in Circular A-11, part 7; and

   (b) all activities under the plan comply with Federal acquisition rules, requirements, guidelines, and practices.

*See* Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, 132 Stat. 347, 617-18, sec. 231(a), *available at* https://www.gao.gov/assets/710/700280.pdf.

**Response**: Admitted.

6. On March 11, 2019, Plaintiffs electronically served to DHS a FOIA request seeking a copy of the Border Security Plan. *See* Holzer Decl., *Exhibit B,* ¶ 4; Howard Decl., *Exhibit A,* ¶ 3. On March 19, 2019, DHS acknowledged receipt of Plaintiffs' FOIA request by return email. *See* Holzer Decl., *Exhibit B,* ¶ 4.

**Response**: Admitted.

7. On July 29, 2019, the DHS referred Plaintiffs' FOIA request to CBP for review. *See* Holzer Decl., *Exhibit B,* ¶ 6; Howard Decl., *Exhibit A,* ¶ 7. DHS determined that CBP's review was necessary because the Border Security Plan specifically pertained to CBP's mission to secure the Nation's borders and CBP would need to decide whether any of the information contained therein should be withheld. *See* Holzer Decl., *Exhibit B,* ¶ 6.

**Response**: Plaintiffs lack sufficient knowledge to admit or deny this statement.

8. CBP conducted a line-by-line review of the Border Security Plan, making limited redactions based on Exemption 7(E) of FOIA and allowed the release of all other reasonable segregable information. *See* Howard Decl., *Exhibit A,* ¶ 20.

**Response**: Plaintiffs lack sufficient knowledge to admit or deny this statement but admit that the Border Security Plan was released to Plaintiffs with redactions purportedly made pursuant to Exemption 7(E) of FOIA.

9. On September 3, 2019, DHS served a copy of the 86 page Border Security Plan on Plaintiffs, along with a *Vaughn* index. *See* Holzer Decl., *Exhibit B,* ¶ 8; Howard Decl., *Exhibit A,* ¶ 8. On September 16, 2019, DHS provided a more detailed supplemental *Vaughn* index to Plaintiffs. *See* Howard Decl., *Exhibit A,* ¶ 9.

**Response**: Admitted.

10. On September 19, 2019, Plaintiffs informed Defendant's counsel that after review of the supplemental *Vaugh*n index, Plaintiffs had narrowed their challenges to the redactions in Bates Nos. BSIP-011; BSIP-013; BSIP-014; BSIP-015; BSIP-016; BSIP-025; BSIP-036; BSIP- 038; and BSIP-061. *See* Plaintiffs' email to Defendant's counsel, *Exhibit C* attached hereto.

**Response**: Admitted.

11. After further review, CBP removed redactions from Bates No. BSIP-025; BSIP- 036; and BSIP-061. *See* Howard Decl., *Exhibit A,* ¶ 10. Thus, the only remaining redactions identified in the supplemental *Vaughn* at issue referenced below with the explanations for the redactions contained therein as follows:

  a. BSIP-011 – This redaction deals with information concerning a gap in current immigration laws. Disclosure of this information would enable individuals to alter their patterns of conduct, adopt new methods of operation, and effectuate other countermeasures, thereby interfering with CBP's ability to impose consequences on illegal border crossings. *See* Howard Decl., *Exhibit A,* ¶ 15.

  b. BSIP-013, BSIP-014 – These redactions concern information on vulnerabilities of CBP's physical border security infrastructure, including information about the types of infrastructure and technology CBP has deployed on the border, key vulnerabilities in that infrastructure, and information about how illegal border crossers may exploit those vulnerabilities. Disclosure of law enforcement techniques and procedures would enable illegal border crossers, transnational criminal organizations, traffickers, and others to alter their patterns of conduct, adopt new methods of operation, and effectuate other countermeasures, thereby interfering with CBP's ability to counter the movement of illegal persons or goods into the country. *Id.* ¶ 16.

  c. BSIP-015 – This redaction deals with information on the location of vulnerabilities related to CBP's border barrier deployment, including a map. Disclosure of this information would be detrimental to CBP and it would enable individuals to alter their patterns of conduct, adopt new methods of operation, and effectuate other countermeasures, thereby interfering with CBP's ability to counter the movement of illegal persons or goods into the country. *Id.* ¶ 17.

  d. BSIP-016 – This redaction deals with information on steps CBP has taken to upgrade infrastructure at the Tucson Section Border Patrol stations to correct

  urgent physical security issues before and after CBP made investments in technology, border wall, and law enforcement personnel in the region, information about how criminal activity may adapt to those investments, and CBP's plans to react to that activity. Disclosure of this information would be detrimental to CBP and it would enable individuals to alter their patterns of conduct, adopt new methods of operation, and effectuate other countermeasures, thereby interfering with CBP's ability to counter the movement of illegal persons or goods into Arizona and elsewhere. *Id.* ¶ 18.

  e. BSIP-038 – This redaction deals with information on the modeling effort CBP is pursuing based on the Department's more complete information about illegal entry attempts. This information would interfere with the success of these modeling efforts and thus interfere with CBP's ability to prevent illegal entry. Further, disclosure of this information would be detrimental to CBP in that it would allow persons seeing to circumvent the law to alter their patterns of conduct, adopt new methods of operation, and effectuate other countermeasures, thereby interfering with CBP's ability to carry outs its enforcement responsibilities. *Id.* ¶ 19.

**Response**: Admitted to the extent that an additional copy of the Border Security Plan was provided to Plaintiffs on October 2, 2019, without the redactions on Bates page Nos. BSIP-025; BSIP- 036; and BSIP-061. Further admitted that DHS has accurately quoted its proffered explanations for the remaining disputed redactions from the Declaration of Patrick A. Howard, ECF No. 24-1. However, denied as to the substance of those explanations. *See* Mem. in Supp. of Pls.' Cross-Mot. for Summ. J. and in Opp'n to Def.'s Mot. for Summ. J.; *see also* Exhibit 1 to the Declaration of Katherine M. Anthony ("Anthony Decl.") (attaching relevant excerpts from the Border Security Plan).

14. These redactions were made under Exemption 7(e) which exempts from disclosure the techniques and procedures, as well as law enforcement sensitive information pertaining to specific vulnerabilities and security risks present at the border, because release of this information could jeopardize CBP's law enforcement mission by providing a road map allowing the same potential aggressors the plan intended to combat the circumvention of laws,

thereby exploiting the vulnerabilities DHS has identified in the Border Security Plan. *See* Holzer Decl., *Exhibit B,* ¶ 6; Howard Decl., *Exhibit A,* ¶¶ 13, 14, 19.

> **Response**: Admitted that Defendant has made redactions purportedly pursuant to FOIA Exemption 7(E). The remainder of this statement consists of a legal conclusion concerning whether DHS has established the applicability of Exemption 7(E) to the withheld material to which no response is required herein, and to which Plaintiffs have responded in their opposition to Defendant's motion for summary judgment. *See* Mem. in Supp. of Pls.' Cross-Mot. for Summ. J. and in Opp'n to Def.'s Mot. for Summ. J.; Anthony Decl., Exhibit 1. To the extent a response is required, denied.
>
> (Plaintiffs note that Defendant's Statement of Undisputed Facts does not include a paragraph 12 or 13. Plaintiffs have responded to the paragraphs as they appear in Defendant's statement for ease of reference.)

15.     On September 30, 2019, DHS, through counsel, forwarded a copy of the most recent *Vaughn* index, containing the aforementioned redactions on six (6) pages of the Border Security Plan. *See* Howard Decl., *Exhibit A,* ¶ 10.

> **Response**: Admitted.

16.     On October 2, 2019, DHS forwarded to Plaintiffs a copy of the Border Security Plan, with the disclosure of previously redacted information on pages BSIP-025, BSIP-036 and BSIP-061. *See* Holzer Decl., *Exhibit B,* ¶ 9.

> **Response**: Admitted.

Dated: October 23, 2019                          Respectfully submitted,

                                                 */s/ Daniel L. McFadden*
                                                 Matthew R. Segal (BBO #654489)
                                                 Daniel L. McFadden (BBO #676612)
                                                 American Civil Liberties Union

Foundation of Massachusetts, Inc.
211 Congress Street
Boston, MA 02110
(617) 482-3170
msegal@aclum.org
dmcfadden@aclum.org

*Counsel for Plaintiff American Civil Liberties Union of Massachusetts, Inc.*

 /s/ Katherine M. Anthony
Katherine M. Anthony (BBO #685150)
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, District of Columbia 20005
(202) 897-3918
katherine.anthony@americanoversight.org

*Counsel for Plaintiff American Oversight*

**Certificate of Service**

      I hereby certify that this document will be served on all registered participants through the Court's CM/ECF system.

October 23, 2019                                          */s/ Katherine M. Anthony*